[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORDERS RE DISSOLUTION 
Both parties have been residents of State of Connecticut for more than one year before the bringing of this action. The court has jurisdiction. CT Page 15872
1. Judgment shall enter dissolving the marriage of the parties on the grounds of irretrievable breakdown.
2. The parties shall share joint custody of the minor son; primary residence of the son will be with the plaintiff.
3. The defendant shall have open and flexible visitation.
4. Defendant shall be responsible for payment of the minor son's tuition at Xavier High School until his graduation.
5. Defendant shall maintain the minor son on the health insurance available through defendant's employer.
6. Defendant shall pay $135 per week to the plaintiff in child support.
7. Defendant shall be responsible for 2/3 of the minor son's medical and dental expenses which are not paid by insurance. Plaintiff shall be responsible for the other 1/3.
8. Defendant shall transfer to the plaintiff by quitclaim deed all his right, title, and interest in the property known as 31 Scenic View Drive, Deep River, Connecticut. Plaintiff shall indemnify and save harmless defendant for all mortgage and tax indebtedness on the property.
9. Defendant shall pay alimony of $500 per week to the plaintiff for six (6) years from this date, December 27, 2000, provided however, such alimony obligation shall cease on the plaintiff's marriage or the death of either party.
10. Defendant shall pay the expense of plaintiff's health insurance under COBRA for two (2) years, if available, provided however, this obligation shall cease on plaintiff' marriage.
11. The escrow account for the funds realized from the sale of the parties' Vermont property shall be divided between them; 65% to the plaintiff and 35% to the defendant.
12. Plaintiff shall retain exclusive ownership of her retirement account(s).
13. Defendant shall retain exclusive ownership of his retirement account(s). CT Page 15873
14. Plaintiff shall have exclusive ownership of the 1994 Saab 9000 automobile and shall indemnify and save harmless defendant for all debt incurred in connection with its purchase.
15. Defendant shall have exclusive ownership of the 1993 Jeep Laredo automobile.
16. The parties shall divide the Van Kampen American Joint Account evenly.
17. Each party shall be solely responsible for the credit card debt(s) listed on his/her financial affidavit.
18. Each party shall retain ownership of the banks accounts listed on their respective financial affidavits.
19. Defendant shall maintain, unencumbered, life insurance on his life payable to plaintiff in the amount of at least the amount he is obligated in alimony pursuant to paragraph 9 above; that amount is now $156,000. The amount may be reduced annually.
20. Judgment shall enter as of December 27, 2000.
21. Counsel are directed to prepare the judgment file.
Parker, J.